UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DONALD GLAUDE,

    Plaintiff,

v.

DEUTSCHE BANK, et al.,

    Defendants.

Case No. 23-cv-05429-RS

**ORDER GRANTING MOTION TO DISMISS, DENYING MOTION FOR PRELIMINARY INJUNCTION, AND DENYING MOTION FOR JUDGMENT ON THE PLEADINGS**

## I. INTRODUCTION

Defendant Deutsche Bank National Trust Company ("Deutsche Bank") moves to dismiss Plaintiff Donald Glaude's claims against it in this newest round of litigation concerning the ownership of, and foreclosure on, 8096 Juniper Avenue, Newark, California ("the Property"). Deutsche Bank argues Glaude's claims are barred by the doctrine of *res judicata* or, in the alternative, should be stayed or dismissed under the *Colorado River* and/or *Rooker-Feldman* doctrines.[1] Deutsche Bank's motion to dismiss is granted, and Glaude's motions for a preliminary injunction and for judgment on the pleadings are dismissed as moot.

---

[1] It is not immediately clear whether Glaude is asserting legal error by a state court in the instant action such that the *Rooker-Feldman* doctrine applies. *See Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004). Since Glaude's claims fail for other reasons, this issue need not be decided.

## II. BACKGROUND

Though Glaude filed the instant action on October 23, 2023, he has been litigating the ownership of, and fighting foreclosure on, the Property for years. On May 17, 2005, Frederick Tinsley and Senora Glaude obtained a loan from Washington Mutual Bank, secured by a Deed of Trust on the Property. The Deed of Trust identified Tinsley and Senora Glaude as the borrowers and Washington Mutual Bank as the beneficiary. On January 31, 2009, Washington Mutual assigned its interest in the Property to Deutsche Bank. Since then, Glaude has filed several state and federal court actions,[2] alleging (1) Tinsley took advantage of Senora Glaude in order to win ownership of the Property and (2) Deutsche Bank and other entities violated federal and state law in attempting to foreclose on the Property. Glaude has also pursued three unsuccessful Chapter 13 bankruptcy filings in United States Bankruptcy Court.

In his previous federal court action (the "First Federal Action"), Glaude repeated allegations he had made in state court that Deutsche Bank violated the law in attempting to foreclose on the Property. The foreclosure sale was initially enjoined so that Glaude's claims could be heard. Subsequently, those claims were dismissed as barred under the *Colorado River* and *Rooker-Feldman* doctrines on April 20, 2020, and the case was dismissed on May 13, 2020, after Glaude failed to amend his complaint. *See Glaude v. Deutsche Bank Nat'l Trust Co.*, No. 20-cv-1252 (N.D. Cal. May 13, 2020). Several months after the First Federal Action was dismissed, the California Court of Appeal affirmed the Alameda County Superior Court's decision to sustain a demurrer to Glaude's fourth amended cross-complaint (the "State Action"). *See Tinsley v. Glaude*, A156442, 2020 WL 5087939 (Cal. Ct. App. Aug. 28, 2020). The Supreme Court of California declined to disturb this affirmance. Deutsche Bank represents the Property was sold at a trustee's sale on August 22, 2023. Glaude filed the instant action on October 23, 2023.

---

[2] On January 27, 2022, the Alameda County Superior Court deemed Glaude a vexatious litigant pursuant to California Code of Civil Procedure § 391(b)(3). Dkt. 32, at 88–89.

ORDER GRANTING MOTION TO DISMISS
CASE NO. 23-cv-05429-RS

2

## III. LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While "detailed factual allegations" are not required, a complaint must have sufficient factual allegations to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). Dismissal under Rule 12(b)(6) may be based on either the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory." *See Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (internal quotation marks and citation omitted). When evaluating such a motion, the court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *In re Quality Sys., Inc. Sec. Litig.*, 865 F.3d 1130, 1140 (9th Cir. 2017). It must also "draw all reasonable inferences in favor of the nonmoving party." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

Where a plaintiff has failed to state a claim upon which relief can be granted, leave to amend should be granted unless "the complaint could not be saved by any amendment." *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002) (citation and internal quotation marks omitted). This is particularly true for cases involving *pro se* litigants, who are generally held to a less stringent pleading standard than are represented parties. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## IV. DISCUSSION

### A. Judicial Notice

As a preliminary matter, Deutsche Bank asks that judicial notice be taken of various filings and dockets in state and federal court pursuant to Federal Rule of Evidence 201. "Judicial notice under Rule 201 permits a court to notice an adjudicative fact if it is 'not subject to reasonable dispute.'" *Khoja v. Orexigen Therapeutics*, 899 F.3d 988, 999 (9th Cir. 2018) (quoting Fed. R. Civ. P. 201(b)). Courts may take judicial notice of filings in federal and state courts. *See Harris v. County of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012). Taking judicial notice of such "matters of

public record" does not "convert[] a motion to dismiss into a motion for summary judgment" so long as judicial notice is not taken of "disputed facts contained within such public records." *Khoja*, 899 F.3d at 999. The court filings to which Deutsche Bank points are public records of which judicial notice may properly be taken, and Deutsche Bank's request for such notice is granted.

### B. *Res Judicata*/Claim Preclusion

Deutsche Bank moves to dismiss the Amended Complaint as barred by claim preclusion. Where multiple courts have decided the same claim or issue, a court "should give *res judicata* effect to the *last* previous judgment entered." *Americana Fabrics, Inc. v. L&L Textiles, Inc.*, 754 F.2d 1524, 1529–30 (9th Cir. 1985) (emphasis in original). The first question is whether the relevant judgment for *res judicata* purposes comes from the First Federal Action or the State Action. Deutsche Bank, in moving to dismiss this action on claim preclusion grounds, points to the May 13, 2020, dismissal in the First Federal Action as the relevant judgment. After that decision, however, the California Court of Appeal affirmed the state trial court decision resolving Glaude's foreclosure-related claims, and the Supreme Court of California declined to disturb this affirmance in October 2020. The state court's decision is the last-in-time judgment. *See Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 928 (9th Cir. 2006) (under California law, judgment becomes final upon resolution of appeal).

Federal courts must give full faith and credit to state court judgments under 28 U.S.C. § 1738 and Article IV section 1 of the U.S. Constitution. "A clear and predictable *res judicata* doctrine promotes judicial economy," in that it "precludes piecemeal litigation by splitting a single cause of action or relitigation of the same cause of action on a different legal theory or for different relief." *Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th 888, 897 (2002). To determine whether a state court judgment bars a federal action, a federal court must apply the *res judicata* law of the state in which the judgment was entered. *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). Under California law, claim preclusion applies "only if (1) the decision in the prior proceeding is final and on the merits; (2) the present action is on the same cause of action as the prior proceeding; and (3) the parties in the present action or parties in privity with them

were parties to the prior proceeding." *Zevnik v. Superior Court*, 159 Cal. App. 4th 76, 82 (2008). "Res judicata not only bars issues actually litigated but also bars issues that could have been litigated, as long as the later-raised issues constitute the same cause of action involved in the prior proceeding." *Atwell v. City of Rohnert Park*, 27 Cal. App. 5th 692, 698 (2018). Here, the California state court decision satisfies all three elements of the *res judicata* analysis (at least with respect to some of the claims asserted in the present action).[3]

### 1. Finality

First, the state court decision is final and on the merits. Glaude filed several amended cross-complaints before the state trial court. Glaude, in these cross-complaints, brought claims for wrongful foreclosure, unjust enrichment, breach of fiduciary duty,[4] declaratory relief, and alleged Deutsche Bank breached an oral agreement it made with him that "Glaude would have the option to assume the loan if he made the mortgage payments." *Tinsley*, 2020 WL 5087939, at *1–3. The trial court gave Glaude multiple opportunities to amend his claims, and eventually sustained Deutsche Bank's demurrer to Glaude's Fourth Amended Cross-Complaint and dismissed that complaint with prejudice. *Id.*; *see also Boeken v. Philip Morris USA, Inc.*, 48 Cal. 4th 788, 793 (2010) (dismissal with prejudice final judgment under California law). Glaude appealed this dismissal, and the Court of Appeal affirmed. *See id.* Glaude's petition for rehearing was denied, as was his application to the Supreme Court of California for relief from default.

### 2. Same causes of action

Second, the present action brings several causes of action disposed of in the state court proceedings. "To determine whether two proceedings involve identical causes of action for

---

[3] Further, though Deutsche Bank is correct the First Federal Action was dismissed with prejudice, it likely should have been dismissed without prejudice since it was based on *Rooker-Feldman* abstention. *See Kelly v. Fleetwood Enters.*, 377 F.3d 1034, 1036 (9th Cir. 2004). A dismissal without prejudice is not a final adjudication on the merits and does not have *res judicata* effect. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990).

[4] Glaude claimed breach of fiduciary duty related to Deutsche Bank's (1) refusal to "acknowledge him as successor-in-interest," (2) refusal to accept Glaude's payments, (3) wrongful notice of a trustee's sale. *Tinsley*, 2020 WL 5087939, at *1.

purposes of claim preclusion, California courts have consistently applied the primary rights theory." *See Boeken*, 48 Cal. at 797 (internal citation and quotations omitted). "[U]nder the primary rights theory, the determinative factor is the harm suffered. When two actions involving the same parties seek compensation for the same harm, they generally involve the same primary right." *Id.* at 798 (internal citation omitted). However, "different primary rights may be violated by the same wrongful conduct." *Branson v. Sun-Diamond Growers*, 24 Cal. App. 4th 327, 342 (Cal. Ct. App. 1994). Claim preclusion "applies if the cause of action could have been brought, whether or not it was actually asserted or decided in the first lawsuit." *Ivanoff v. Bank of America, N.A.*, 9 Cal. App. 5th 719, 727 (2017).

The state trial court sustained Deutsche Bank's demurrers to Glaude's claims for wrongful foreclosure, unjust enrichment, and breach of a verbal agreement. Glaude, in pursuing these claims, sought to remedy harms relating to foreclosure on the Property and Deutsche Bank's failure to honor an oral contract under which Glaude allegedly paid Deutsche Bank tens of thousands of dollars. Glaude now brings several causes of action premised on the same harms asserted in the State Action. Namely, Glaude claims negligent misrepresentation because of Defendants' "numerous misrepresentations with regards to their interest in the [P]roperty,"[5] wrongful foreclosure, unjust enrichment, and seeks to quiet title. These causes of action seek relief for the same harms asserted in the State Action. They revolve around the foreclosure on the Property, misrepresentations connected with that foreclosure, and unjust enrichment resulting from the foreclosure. Although Glaude's unjust enrichment cause of action is based on a slightly

---

[5] Glaude appears to bring several causes of action for negligent misrepresentation. He titles one such cause of action (Count VII) "Securities Fraud," but then makes the same negligent misrepresentation allegations (relating to Tinsley's marital status) asserted in Count V. *See* Dkt. 3, at 13–14, 16–17. Glaude's "Securities Fraud" claim is most accurately construed as yet another repackaging of his wrongful foreclosure claim that is barred by *res judicata*. Even were this claim an attempt to remedy Defendants' violation of a different primary right—such that *res judicata* might not apply—it is plainly frivolous, fails to state a claim with any particularity, and is subject to dismissal. Glaude alleges, at most, Defendants were "aware" Tinsley was single. *Id.* at 17. He does not come close to alleging any Defendant made a "false statement" or omitted information such that its statement was misleading in selling or offering a security, or that he purchased a security within the meaning of the statute. *See* Cal. Corp. Code § 25401.

altered theory here than in the State Action (here, Glaude points to improvements he made on the Property), the same injury is implicated, and Glaude could have asserted this theory in the state action.

Glaude's civil Racketeer Influenced and Corrupt Organizations ("RICO") Act claim (Count VIII) is also premised on the same harm—loss of the Property—as Glaude's wrongful foreclosure claim and is barred under the primary rights theory. *See Laconico v. Cal-Western Reconveyance Corp.*, No. 17-cv-698, 2017 WL 2877098, at *5 (N.D. Cal. July 6, 2017) ("Courts have consistently found that actions challenging foreclosures implicate the same unitary harm."). Glaude could have raised this claim in the State Action.[6] Thus, Counts II–VIII are precluded by the State Action and must be dismissed without leave to amend, as *res judicata* would render any amendment futile.

On the other hand, there is a colorable argument *res judicata* does not bar Glaude's Truth In Lending Act ("TILA") claim (Count I). *See, e.g.*, *Greene v. U.S. Bank, N.A.*, No. 19-cv-7448, 2020 WL 1308343, at *5 (N.D. Cal. Feb. 5, 2020) (finding TILA claims not barred by *res judicata* in home foreclosure action). Though Glaude, in his TILA cause of action, avers loss of the Property as a harm, he also claims Defendants failed to "keep a truthful and accurate record of the loan records" of the Property. A TILA violation causes injury by holding a party to different loan terms than those to which they agreed, which is a separate harm than loss of property. Nevertheless, Glaude's TILA claim is subject to dismissal for reasons detailed below.

### 3. Same parties

Finally, the same parties—Glaude and Deutsche Bank—were involved in the State Action. While Community Realty Property Management, Inc. and VMM Irrevocable Trust were not

---

[6] Even were it not barred by *res judicata*, Glaude's civil RICO claim fails for the independently sufficient reason that the mere existence of residential foreclosure proceedings does not justify RICO claims. *See Murphy v. Bank of N.Y. Mellon*, No. 13-cv-2820, 2013 WL 5883675, at *4 (N.D. Cal. Oct. 30, 2013). Glaude's RICO claim is supported by bare-bones averments, such as that Defendants "engaged in a pattern of misrepresentation and fraudulent conduct with the intent of obtaining property unlawfully," Dkt. 3, at 21, that are insufficient to state a civil RICO claim.

parties in the State Action, they are in privity with Deutsche Bank such that the third prong of *res judicata* is satisfied. Privity exists where parties share sufficient "commonality of interest." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg. Planning Agency*, 322 F.3d 1064, 1081 (9th Cir. 2003) (citation omitted). Here, Community Realty Property Management, Inc. and VMM Irrevocable Trust appear to have been included as Defendants in this action solely because they were the third-party buyers at the foreclosure sale for the Property. Courts in this District have found privity where "a non-party succeed[s] to a party's interest in property." *Neal v. Select Portfolio Servicing, Inc.*, No. 20-cv-7127, 2021 WL 735666, at *5 (N.D. Cal. Feb. 25, 2021) (cleaned up). The parties to this action are in privity for *res judicata* purposes.

### C. TILA Claim

Glaude's TILA claim, while perhaps not barred by *res judicata*, is subject to dismissal for failure to state a claim *sua sponte* based on its facial inadequacy. *See Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988) (*sua sponte* dismissal appropriate where "[p]laintiffs cannot possibly win relief" (alteration in original)). Glaude's TILA claim, which seeks damages under 15 U.S.C. § 1640, is clearly time-barred under the relevant one-year (from the date of the violation) statute of limitations. *See* 15 U.S.C. § 1640(e). TILA claims accrue on the date a loan transaction closes. *Patague v. Wells Fargo Bank, N.A.*, No. 10-cv-3460, 2010 WL 4695480, at *2 (N.D. Cal. Nov. 8, 2010). The loan transaction to which Glaude refers in his Amended Complaint took place in May 2005 (nearly two decades ago). Equitable tolling, moreover, cannot save Glaude's TILA claim where Glaude has been asserting the same "untruthful misrepresentations" as the basis for the TILA claim in various courts for years. Equitable tolling may suspend a limitations period "until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986). There is no suggestion in the Amended Complaint that Glaude discovered the fraud or nondisclosures of which he complains within even the past several years. Thus, *sua sponte* dismissal of Glaude's TILA claim is appropriate.

# V. CONCLUSION

Deutsche Bank's motion to dismiss is granted, and this action is dismissed as to all Defendants. Though Defendants Community Realty Property Management, Inc. and VMM Irrevocable Trust have not moved to dismiss Glaude's claims against them, *sua sponte* dismissal with respect to Glaude's claims against these Defendants is appropriate as well because they are "in a position similar to that of [the] moving defendants." *Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981). Indeed, Glaude does not make specific averments implicating these two Defendants at all in his Amended Complaint—they appear to have been added to the case caption based on their position as third-party buyers of the Property. The action is dismissed without leave to amend as amendment would be futile. Glaude's motions for a preliminary injunction and judgment on the pleadings are denied as moot.

**IT IS SO ORDERED**.

Dated: February 16, 2024

_____
RICHARD SEEBORG
Chief United States District Judge